334 A.2d 585

Dorothy KAY

v.

James M. KAY, Appellant.

Supreme Court of Pennsylvania.

Submitted Nov. 26, 1974.

Decided March 18, 1975.

682

James J. DeMarco, DeMarco & Carrafiello, Philadelphia, for appellant.

William F. Sullivan, Jr., Post & Schell, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

On September 11, 1967, shortly before the divorce proceedings were commenced, the appellant and appellee entered into a separation agreement. By that agreement the appellant undertook, *inter alia*, to pay $20.00 per week to the appellee. Payments were to cease only in

the event of appellee's remarriage.[1] The agreement was signed and sealed in the presence of the parties and the scrivener.

On February 1, 1973, appellee filed a complaint in equity seeking specific performance of the agreement as to the future payments and recovery of past payments allegedly due and owing. The chancellor enforced the agreement and concluded that the appellant had made payments totalling $1,080 and that he owed the appellee at the time of final adjudication the sum of $5,660. The appellant took various exceptions to the chancellor's findings of fact and conclusions of law, those exceptions were denied, and this appeal followed.[2] We affirm.

The appellant first argues that the chancellor erred in failing to credit his testimony concerning the fulfillment of the support obligation by unreceipted cash payments and the fraudulent making of the agreement. Credibility is solely an issue for the trier of fact, *Duncan Estate,* 426 Pa. 283, 232 A.2d 717 (1967) ; *Leibowitz v. Ortho Pharmaceutical Corp.,* 224 Pa.Super. 418, 307 A.2d 449 (1973), and our review is limited to the question of whether the chancellor's findings are adequately supported by the evidence as a whole. *Hatalowich v. Redevelopment Authority of City of Monessen,* 454 Pa. 481, 312 A. 2d 22 (1973) ; *Silver v. Silver,* 421 Pa. 533, 219 A.2d 659 (1966) ; *Bokoch v. Noon,* 420 Pa. 80, 215 A.2d 899 (1966). Here, only the appellant himself testified as to the cash payments. His testimony was rebutted by the

1. The clause concerning support payments stated:
    "HUSBAND agrees to be legally bound to support his WIFE in the amount of $20.00 per week. HUSBAND further agrees and legally binds himself to continue said support of $20.00 per week subsequent to the Divorce. Said support shall continue until such time when WIFE should remarry and at which time said support shall cease."

2. Jurisdiction is based on Section 202(4) of the Appellate Court Jurisdiction Act of 1970, 17 P.S. § 211.202(4). *See Silvestri v. Slatowski,* 423 Pa. 498, 224 A.2d 212 (1966).

684

appellee. The chancellor concluded the appellee was more credible.

■ The appellant's allegations of fraud concern his understanding of the length of time he was obligated to pay the agreed support. However, the scrivener testified that the appellant was afforded the opportunity to read the agreement and that the scrivener had read aloud the agreement to both parties before its execution. The appellant himself testified that he simply neglected to read the contract before signing. Such testimony indicates carelessness and unilateral mistake, not fraud. *Schoble v. Schoble*, 349 Pa. 408, 37 A.2d 604 (1944). Thus, there is sufficient evidence to support the chancellor's findings and we will not disturb them.

■ Appellant next argues that equity cannot enforce the agreement because (1) it is not supported by consideration, (2) such postnuptial separation agreements are void as against public policy, and (3) laches precludes equitable relief. Assuming arguendo that no consideration passed to the appellant in return for his undertaking, the support clause nevertheless states that the appellant intends to be legally bound by the agreement. Under the Uniform Written Obligations Act, Act of May 13, 1927, P.L. 985, No. 475, § 1, 33 P.S. § 6, the absence of consideration does not render the agreement unenforceable where such statements are made part of the contract.

■ Such contracts are also not void as against public policy where the agreement is not conducive to divorce. *Stern v. Stern*, 430 Pa. 605, 243 A.2d 319 (1968); *Silvestri v. Slatowski*, 423 Pa. 498, 224 A.2d 212 (1966); *Schmoker v. Schmoker*, 359 Pa. 272, 59 A.2d 55 (1948); *Miller v. Miller*, 284 Pa. 414, 131 A. 236 (1925); *Commonwealth ex rel. Smylie v. Smylie*, 184 Pa.Super. 276, 132 A.2d 386 (1957). Here, the obligations undertaken are not conditioned on the grant of a decree of divorce and the agreement specifically allows the appellant to

contest any divorce prosecuted by the appellee. Clearly, by its own terms, the agreement does not impel either party to seek a divorce.

Laches also does not preclude equitable relief in this situation. A party claiming the benefit of the doctrine of laches must demonstrate prejudice due to lapse of time. *Beaver v. Penntech Paper Co.*, 452 Pa. 542, 307 A.2d 281 (1973); *Young v. Hall*, 421 Pa. 214, 218 A.2d 781 (1966). Here, no assertion of prejudice other than appellant's failure of memory was made. Potential witnesses have not died or become otherwise unavailable; substantiating records have not been lost or destroyed; and the appellant has not changed his position in anticipation that appellee's claims have been waived. Furthermore, the statute of limitations has not yet run for an analogous action at law. Although the statute of limitations is not controlling in equity, it does provide guidance in determining the reasonableness of any delay. *See Elias v. Elias*, 428 Pa. 159, 237 A.2d 215 (1968), and *cf. Muscianese v. United States Steel Corporation*, 354 F. Supp. 1394 (E.D.Pa.1973); *Gainey v. Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees*, 275 F.Supp. 292 (E.D.Pa. 1967), aff'd, 406 F.2d 744 (3d Cir. 1968). Hence, laches in this situation does not preclude equitable relief.

Finally, the appellant maintains that the chancellor incorrectly found (1) that the appellee was suffering from a mental disability at the time the agreement was executed and (2) that the appellant was solely responsible for the divorce proceedings and the separation agreement. These two findings of fact were merely supportive of the equitable relief sought. Sufficient gounds existed for the award of the chancellor even had opposite determination been made with respect to these two facts. Any error occasioned by the chancellor's findings, therefore, is not reversible. *Cf.* P.L.E. Appeals § 461 (1957).

Decree affirmed. Costs on appellant.