Victor F. THURN, Plaintiff-Appellant,

v.

Doris Addela THURN (now Doris Addela Dryer), Defendant-Appellee.

No. 2–65680.

Court of Appeals of Iowa.

June 30, 1981.

John Q. Swift and Daniel H. Swift of Swift & Swift, Manchester, for plaintiff-appellant.

R. N. Russo, Dubuque, for defendant-appellee.

Considered by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

DONIELSON, Judge.

Plaintiff Mary Thurn, executrix of the estate of Victor Thurn, appeals from the trial court order overruling motions to quash and to modify execution for back child support payments. Plaintiff contends that the doctrines of estoppel by acquiescence and laches serve to bar defendant Doris Thurn (now Doris Dryer) from enforcing judgment for child support twenty-two years after entry of the decree that created the child support obligation. Plaintiff also contends that the amount due was incorrectly computed. We affirm.

Our review of this equitable proceeding is de novo. Iowa R.App.P. 4.

### I.

When Victor and Doris Thurn were divorced in 1958, the decree granted custody of the two children to Doris and required Victor to pay child support of $17.50 per week until such time as the children reached the age of 21 or were married. No child support was ever paid; one of the children married in 1976 and the other turned 21 in 1979. Doris took no legal action to enforce the judgment until May 1980, when she sought and obtained a general execution in the amount of $35,385. Victor then moved to quash or modify the execution and his motions were overruled.

It was stipulated at the time of the decree that Victor had virtually no assets and that his income did not exceed $90 per month. His financial situation did not materially improve until 1979, when he inherited approximately $437,837. He testified that during the intervening years he never visited his two children and assumed that Doris was not going to seek child support from him.

### II.

Although plaintiff contends that estoppel by acquiescence and laches operate to bar Doris' claim for back child support payments, we do not agree.

First, we conclude that the doctrine of laches is inapplicable to this case. Laches applies only where there has been an unreasonable delay in asserting the remedy. *Davidson v. Van Lengen*, 266 N.W.2d 436, 439 (Iowa 1978). Although Doris did not attempt to enforce her judgment for twenty-two years, she apparently did not do so because she knew that Victor's financial circumstances remained limited; she sought a general execution for back payments as soon as she learned that his situation had changed. For these reasons, we do not view her delay in asserting her rights as unreasonable. Additionally, because the defense of laches is available only where it would be inequitable to allow recovery, *Lovlie v. Plumb*, 250 N.W.2d 56, 63 (Iowa 1977), it is well established that one of the elements of laches is injury or prejudice to the party against whom judgment is sought to be enforced. *Chicago, Rock Island and Pacific Railroad Co. v. City of Iowa City*, 288 N.W.2d 536, 541 (Iowa 1980); *Johnston v. Percy Construction, Inc.*, 258 N.W.2d 366, 371 (Iowa 1977); *Cullinan v. Cullinan*, 226 N.W.2d 33, 36 (Iowa 1975). Mere passage of time does not constitute injury or prejudice. *Anita Valley, Inc. v. Bingley*, 279 N.W.2d 37, 41 (Iowa 1979); *Cullinan*, 226 N.W.2d at 36. On the basis of this record, we are not convinced that the plaintiff has

been injured by Doris' delay in attempting to recover child support. Accordingly, we decline to apply laches as a bar to Doris' claim.

 While a showing of injury or prejudice is necessary for laches, it is apparently not an element of the defense of estoppel by acquiescence. *Merrifield v. Troutner*, 269 N.W.2d 136, 137 (Iowa 1978); *Davidson*, 266 N.W.2d at 439. Unlike laches, which focuses on the position of the party against whom the claim is asserted, estoppel by acquiescence is based on an examination of the actions of the individual holding the right in order to determine whether that right has been waived. *Davidson*, 266 N.W.2d at 439; *see Anthony v. Anthony*, 204 N.W.2d 829, 834 (Iowa 1973). Since Doris sought to recover past payments as soon as she learned of Victor's change in financial circumstances, we cannot say that her actions evidence a waiver of her right. Moreover, at no time did Doris take any action that would indicate to Victor an intent to waive her right to child support payments. *Cf. Anthony*, 204 N.W.2d at 834 (custodial parent "led defendant to believe" she intended to waive right to child support by entering into an agreement to that effect). We therefore dismiss plaintiff's contentions that the general execution should be quashed.

Nor are we persuaded that the amount of child support due was incorrectly computed. Plaintiff alleges that the amount as fixed by the trial court is "far in excess of the correct amount," but fails to identify the source of the error or what the correct amount should be. Because the plaintiff has failed to provide us with a basis for the relief requested, and because we find the amount as determined by the trial court to be reasonable, we affirm.

### III.

Essentially, plaintiff's position seems to be that because Victor's failure to comply with the terms of the decree was not challenged for a long period of time, his estate should now be excused from compliance. However, the fact is that the pay-

ments have accrued under the decree and are now vested; Doris' right to payments accrued may not be extinguished or modified by retrospective action. *In re Evans*, 267 N.W.2d 48, 51–52 (Iowa 1978); *see In re Marriage of Welsher*, 274 N.W.2d 369, 372 (Iowa 1979).

We affirm the judgment of the trial court.

AFFIRMED.