574 A.2d 1101

**George F. DOPPLER, Appellee,**

v.

**Alice H. DOPPLER, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 14, 1990.

Filed May 11, 1990.

Angela L. Martinez, Bala Cynwyd, for appellant.

I.B. Sinclair, Media, for appellee.

Before CAVANAUGH, OLSZEWSKI and FORD ELLIOTT, JJ.

CAVANAUGH, Judge:

This is an appeal from the order of the Court of Common Pleas of Delaware County concerning the partition of a certain parcel of real estate jointly owned by the parties, who were divorced in 1964. Finding that the trial court erred in fashioning the order directing partition, we reverse and remand for entry of an appropriate order.

The trial court summarized the facts and procedures of this case as follows:

> [Appellee] and Alice H. Doppler [appellant] owned as tenants by the entireties the premises located at 1127 Bryan Street, Drexel Hill, Pennsylvania. [Appellee] and [appellant] were divorced by Decree entered on June 3, 1964 by the Court of Common Pleas of Delaware County.
>
> On August 19, 1964, [appellee] commenced the first Partition Action in the Court of Common Pleas. Pursuant to the 1964 Partition Action, an inventory and appraisal of the parties' real and personal property was completed in 1966. The appraisal of the real estate in May of

1966 was Twelve Thousand, Five Hundred Dollars ($12,-500.00).

Subsequently, an oral agreement was reached between the [appellee] and [appellant] in Court before the Honorable Francis J. Catania, regarding the disposition of their real and personal property. The parties agreed that [appellant] would receive title of the premises in exchange for [appellant] paying the [appellee] one-half of the equity in the premises (determined to be Twenty-five Hundred Dollars ($2,500.00).

Settlement was scheduled for August 31, 1967 to execute the agreement and formally transfer title of the premises to the [appellant] in return for payment of one-half of the equity to the [appellee]. Title to the premises was never transferred as [appellee] failed to attend the settlement. No further action was taken and the 1964 Partition Action was never officially terminated.

However, on March 13, 1984, [appellee] initiated a second Partition Action. In response to the new action, the [appellant] filed a Petition for Leave to File an Amended Answer, New Matter, Counterclaim, and Motion to Stay proceedings in the instant case pending disposition of the prior 1964 action.

On November 26, 1984, Charles F. Knapp, Esquire was appointed Master in the case by this Court.

On May 31, 1985, the Honorable Melvin G. Levy filed an opinion in which he granted [appellant's] Petition to File an Amended Answer, New Matter, and Counterclaim. Judge Levy denied, however, the Motion to Stay Proceedings pending disposition of the 1964 Partition Action. In his opinion, Judge Levy, while recognizing that the 1964 Partition Action should have been terminated pursuant to Delaware County Local Rule 34, nevertheless ordered that the 1964 and 1984 actions be consolidated.

On June 19, 1986, Judge Reed granted a Motion to Withdraw Charles F. Knapp, Esquire as Master of the present action and on July 17, 1986, appointed John H. Toal, Esquire as Master. Mr. Toal had an updated ap-

praisal made on the real estate by Jan H. Connor of the Richard G. deGrouchy Agency[.] [T]he value of the premises was then established to be Seventy-eight Thousand Dollars ($78,000) effective January 29, 1987.

On March 3, 1987 a hearing was held before Mr. Toal and testimony was taken. As part of the testimony, [appellant] acknowledged the oral agreement reached between the parties and entered on the record in Court during the 1964 Partition Action.

Mr. Toal filed his report on October 20, 1988, and requested that [the trial court] enter an Order incorporating his findings and conclusions which required [appellee] to transfer title (pursuant to the agreement reached by the parties) to [appellant] upon the [payment of] Twenty-five Hundred Dollars ($2,500.00) plus interest to [appellee].

Opinion of trial court, at 1–4.

Timely exceptions to the report and recommendation were filed on behalf of appellee. On October 31, 1988, the trial court entered an order adopting the master's report and recommendation without consideration of these exceptions. Appellee then filed a notice of appeal with this court which was later discontinued after the trial court rescinded its order of October 31, 1988. Upon review of appellee's exceptions, the court entered the following order:

AND NOW, the 29th day of June, 1989, it is hereby ORDERED and DECREED that within thirty (30) days of the date of this Order, George F. Doppler and Alice H. Doppler have the property located at 1127 Bryan Street, Drexel Hill, Pennsylvania, appraised by the Richard G. deGrouchy Agency.

Within fifteen (15) days of the appraisal's completion, it is ORDERED that Alice H. Doppler make an election either to buy out George F. Doppler's interest in the equity established in the appraisal value, or to have the Court sell the real estate.

If Alice H. Doppler elects to buy out George F. Doppler's interest in the real estate, she is directed to execute

an Agreement of Sale with George F. Doppler within fifteen (15) days of the date of her election.

Sixty (60) days thereafter from the date of execution of the Agreement of Sale, it is Ordered that Alice and George Doppler go to settlement on this property and at that time, Alice H. Doppler shall pay to George F. Doppler one-half of the equity established by the afore-ordered new appraisal value of said property. She shall thereupon receive a deed from George F. Doppler giving her full title to the said real estate.

If Alice H. Doppler elects not to buy out George F. Doppler's interest in the said real estate, it is Ordered that she report her intention to this Court and the Court shall then appoint a Master to sell the property, either on the open market or by auction, and divide the proceeds equally between Alice and George Doppler.

Appellant has timely appealed and raised the following issues for our review:

A. Based upon the record, did the [l]ower [c]ourt act correctly in ruling the 1964 case was active and pending?

B. Based upon the record, did the lower court correctly find that [ ] there was an oral agreement between the parties, entered of record before the [c]ourt, settling all issues outstanding in the 1964 case?

C. Based upon the record, did the lower court err in determining that the equity [m]aster incorrectly applied the law in determining that one [of] the contract[s] was rescinded[?]

Brief of appellant at 3.

■ Before turning to the merits of the case, we will first address the appealability of the trial court's latest order. It has been suggested that the court's order is not one directing partition but merely one directing a process of partition similar to the order which we found to be unappealable under Pa.R.A.P. 311(a)(6) in the case of *Gasper v. Gasper*, 238 Pa.Super. 478, 432 A.2d 613 (1981).

In *Gasper*, we determined that the order directing that partition proceedings continue with respect to other remaining property after the court found that neither party sustained its burden of proving who was in possession of certain missing property was not an order directing partition and was therefore not appealable as an interlocutory order under Pa.R.A.P. 311(a)(6). We found rather that the order in question was one which merely directed the continuation of a process of partition which had already been agreed to by the parties. *Gasper*, 432 A.2d at 615.

The reason for our holding was that there was no disagreement between the parties as to the right of partition or as to the respective interests to which the parties were entitled. *Id.* The focus of the entire case was which parties were entitled to specific property given their agreed-upon respective interests in the whole. Indeed, the order from which the *Gasper* appeal was taken did not address the distribution of specific property so much as it excluded certain missing property from the partition process because its whereabouts were unknown. Thus, the parties' appeal was not addressed to the legal consequences of the partition as ordered; rather the parties merely took issue with a collateral factual finding. Under these circumstances, it was inappropriate to allow the appeal as one from an order of partition as permitted under the appellate rules.

*Gasper* stands in sharp contrast to the instant case. Here the parties are in disagreement as to whether they are each legally entitled to a one-half interest in the value of the property at the time of the first partition action or whether they are each entitled to a one-half interest in the present value of the property. Any assertion that the parties do not dispute that each has a one-half interest in the property and that therefore the appeal is improper under *Gasper* glosses over the real issues, which are whether the 1964 partition agreement is still binding on the parties and whether therefore the property should be divided according to its 1964 value or its present value.

Consequently, the parties are not in agreement as to their respective entitlements as they were in *Gasper*.[1] Mrs. Doppler argues that she is entitled to have the partition agreement enforced while Mr. Doppler is arguing that an entirely new order, based on significant increases in the value of the property, be entered. Moreover, the instant order goes to the essence of the parties' dispute and not merely to a collateral factual matter as in *Gasper*.

Finally, a close look at the ramifications of the partition order entered by the court convincingly demonstrates that this is precisely the type of partition order from which interlocutory appeal is permitted under Pa.R.A.P. 311(a)(6). It is only in hearing this appeal on the merits that we can protect the interests which Rule 311(a) mandates us to protect.

One obvious rationale of Rule 311(a)(6), allowing interlocutory appeal specifically from an order of partition, is to protect the possessory interests of a party in specific property for which a party might not be properly compensated by monetary damages if an appellate court later found error but a partition by sale and distribution had already taken place. The lower court's order places Mrs. Doppler in precisely this position by ordering her to make a choice between buying Mr. Doppler's share at its present day value, which will indisputably be much higher than it would have been had the 1964 appraisal been the basis for partition, or standing by while her home is sold and receiving only a monetary award. It is entirely likely that Mrs. Doppler will not have the necessary funds to buy Mr. Doppler's share and preserve her possessory interest through the conclusion of the partition process. She is in

1. At this juncture, I would note that the value of the property which is to be partitioned is not properly characterized as a disputed factual issue. Instead, the value of the property *for the purpose of partition* is a legal issue; specifically, the parties ask this court to determine whether the lower court should use the value of the house at the time of the first partition agreement or the value of the house today in re-ordering partition. We note that the case would be more like *Gasper* if the parties were merely arguing over the propriety of a specific valuation of the property. While this issue is also noted by Mr. Doppler, it is not an issue presented by the present appeal.

danger of losing forever possession of her home if she does not obtain timely appellate review.

No legally significant conditions must be met before the lower court's order can be characterized as one of partition. It is irrelevant to the parties' dispute whether the court-ordered property appraisal will determine that the house is today worth $78,000.00 or $90,000.00. Common sense indicates that the house is still worth at least $73,000.00 more than it was in 1964, when the parties agreed that equity in the property was $5000.00. The present order of the lower court decides the major disputed issues in the case, namely the respective interests of the parties in the property. We believe the order effectively puts Mrs. Doppler out of court and we must review the order to guard against the potential evil which Pa.R.A.P. 311(a)(6) is designed to avoid.

Turning to the merits of the case, we reverse the order of the trial court and remand for entry of an order which effectuates the 1964 partition agreement to which the parties consented in open court.

The following facts are undisputed. Mr. Doppler was the party who initiated the 1964 action in partition. Mrs. Doppler fully complied with the 1964 partition agreement. Mr. Doppler was the party initially responsible for frustrating completion of the partition by failing to appear at the scheduled real estate settlement, even though he had already received other property from Mrs. Doppler under the partition agreement. Until 1984, Mr. Doppler never sought to repudiate the 1964 agreement. In 1984, Mr. Doppler brought another action to partition the same property between the same parties.

Mr. Doppler should be equitably estopped from pursuing the 1984 partition action. The doctrine of equitable estoppel protects the reasonable expectations of one who relies on another's course of conduct; it prevents a party from taking a position that is inconsistent with a position previously taken which is disadvantageous to the other. *E.g., Curran v. Eberharter*, 361 Pa.Super. 65, 521

A.2d 474 (1987). In this case, Mr. Doppler should be prevented from pursuing a later action in partition when he failed to perform his obligations under the 1964 partition agreement and permitted Mrs. Doppler to maintain the property as if she were the sole owner. Since the order of the trial court permits Mr. Doppler to benefit from his failure to perform under the 1964 partition agreement, it must be reversed.

In addition, Mr. Doppler is guilty of extraordinary laches. Laches will bar a claim when it appears that, under the circumstances, the plaintiff is chargeable with a lack of due diligence in failing to assert his rights which works to the prejudice of another. *Estate of Doerr*, 388 Pa.Super. 474, 565 A.2d 1207 (1989). Mr. Doppler's failure to bring his original action to conclusion or to assert any rights to the property for twenty years lulled Mrs. Doppler into believing he had relinquished any further claims to the property. She paid the mortgage and taxes and maintained the property without any contribution from him; it would work to her prejudice to allow Mr. Doppler to benefit from the increase in the property's value during his twenty years of inaction.

Even if it could be claimed that Mrs. Doppler was also lax in bringing about completion of the 1964 partition, it is not the case that she is similarly guilty of laches. First, it must be remembered that Mrs. Doppler is the defendant in the instant action and was the defendant in the original action as well. Thus it was not incumbent upon her, as it was upon Mr. Doppler, to prosecute the partition action with diligence. Second, Mrs. Doppler's inaction has not prejudiced Mr. Doppler since the lower court can order Mrs. Doppler to pay interest upon the $2500 she was to have paid Mr. Doppler in order to receive sole title; Mr. Doppler would thus receive full compensation plus interest for his share in the property.

As an alternate basis for decision, we also find that there still exists an enforceable contract between the par-

ties. Briefly, the terms of the 1964 agreement were as follows: Mr. Doppler was to receive title to the parties' automobile and life insurance policies as well as one-half the value of the equity in the parties' house while Mrs. Doppler was to receive title to those premises.

The contract was partially performed by Mrs. Doppler when she turned over title to the car and the life insurance policies. Mrs. Doppler received no separate consideration for these transfers; nothing indicates that her completed performance of these provisions was somehow separable from Mr. Doppler's obligation to transfer his interest in the real estate, even though the further condition of Mrs. Doppler paying to Mr. Doppler one-half of the value of equity in the realty did not take place because of Mr. Doppler's failure to appear at the real estate settlement. Mrs. Doppler's partial performance of the contract also militates against a finding that the 1964 agreement was rescinded by the parties.

Indeed, there is no evidence on the record of an intent by Mrs. Doppler to rescind the agreement, nor was there any express repudiation of the 1964 agreement by Mr. Doppler until now. A mere failure to object even to a repudiation is not a manifestation of an assent to it. *In Re Robert's Estate*, 380 Pa. 600, 112 A.2d 394 (1955). Therefore, it cannot be said that Mrs. Doppler in any way consented to a recission of the contract. In addition, a recission can only be granted where the parties to a contract can be restored to their original positions with regard to the subject matter of the contract. *Sullivan v. Allegheny Ford Truck Sales, Inc.*, 283 Pa.Super. 351, 423 A.2d 1292 (1980). For twenty years, Mrs. Doppler has maintained the property, paid off the mortgage in full, and paid all taxes without any contribution from Mr. Doppler. Mrs. Doppler will not be restored to her original position with respect to the property if she receives only half of its present value and nothing further.

Finally, we note that under the 1964 partition agreement, Mr. Doppler was to receive all of the relief he requested in

his original action, namely half of the then-appraised value of the realty. The only reason Mr. Doppler refused to complete the partition was that he learned that his wife succeeded in keeping the existing mortgage on the property while having his name removed.[2]

All of the circumstances of this case suggest that equity can be accomplished only under the terms originally recommended by the master and initially accepted by the trial court.[3] Therefore, we reverse the latest order of the trial court; we further instruct the trial court to enter an order in terms substantially similar to that recommended by the master and initially accepted by the court, in order to put this dispute, at long last, to rest.

Reversed and remanded. Jurisdiction relinquished.

2. In other words, Mr. Doppler had absolutely no liability on the mortgage from 1964 onwards.

3. Specifically, Mr. Doppler was to transfer his interest in the property and Mrs. Doppler was to pay him $2500.00, plus interest for the period since 1964.