## Harbaugh v. Keller

*R. Mark Thomas,* for plaintiff.
*Jonathan D. Fenton,* for defendant.

WALKER, *J.,* October 26, 1990—Plaintiff Terry L. Harbaugh and defendant Tonya L. Keller are the parents of Jackie Marie Harbaugh, born August 17, 1988. Plaintiff filed a complaint for custody on December 12, 1989. On February 15, 1990, an order of court for joint legal custody pending a custody hearing was entered by this court awarding plaintiff partial custody on alternate weekends on Saturday or Sunday, at his election.

Plaintiff was to exercise partial custody of Jackie on Father's Day, June 17, 1990. However, defendant informed him that day that the child was ill and could not go with him. Plaintiff, alleging that the child was not sick, filed a petition for contempt for failure to comply with the custody/partial custody order on June 21, 1990.

Plaintiff, after exercising partial custody on June 24, 1990, failed to return the child. Defendant filed a petition for contempt on June 27, 1990, and, on that date, Judge William H. Kaye issued an order directing plaintiff to return the child to her mother, giving defendant sole physical custody of the child pending a custody hearing and vacating that section of this court's previous order granting plaintiff partial custody on alternate weekends. Judge Kaye also ordered that defendant's paramour, Jeffrey L. Pine, who had been charged with possession with the intent to deliver, not have any contact with the child while the charges were pending against him. Plaintiff returned the girl on June 28, 1990.

A contempt hearing was held on July 17, 1990 and September 25, 1990.

## DISCUSSION

This is an unfortunate, yet all too common, situation in which two parents use a child to serve their own self-indulgent interests. To be certain, it is the child who is put in the middle of the senseless battle and who truly suffers. Despite its concerns, however, this court is compelled to rule only on the petitions now before it.

This court must first address the issue of whether the present petitions were properly brought in the nature of petitions for civil contempt or whether, as counsel for defendant now maintains, the petitions should have been brought as criminal contempt petitions.

Section 4346 of the Domestic Relations Code provides:

"A party who willfully fails to comply with any visitation or partial custody order may, as prescribed by general rule, be adjudged in contempt. Contempt shall be punishable by any one or more of the following:

"(1) imprisonment for a period not to exceed six months.

"(2) a fine not to exceed $500;

"(3) probation for a period not to exceed six months." 23 Pa.C.S. §4346(a).

The Superior Court held in *Vito v. Vito,* 380 Pa. Super. 258, 551 A.2d 573 (1988), that when parties are guilty of contempt for isolated, past violations, the contempt is criminal in nature and the party must be entitled to all of the essential procedural safeguards that a criminal defendant is afforded. The court also explained that civil contempt may only be punished by a fine or imprisonment that is conditional and capable of being purged. Therefore, according to defendant's counsel, these actions must either be brought as criminal contempt proceedings

or this court, if it finds the parties guilty of violating the partial custody orders, must fashion a penalty which allows the parties to purge themselves of the contempt. This court disagrees.

While the argument may have merit with regard to other types of contempt, this court believes that an exception exists for persons who violate visitation or partial custody orders. In *Sutliff v. Sutliff,* 361 Pa. Super. 194, 522 A.2d 80 (1987), the court stated that the appellant:

"[C]laims that if [the action is] viewed as civil contempt, the lower court is 'clearly wrong' because it did not include the required condition whereby [she] could purge herself. While such a condition is a traditional descriptive feature of civil contempt . . . we hold that under 23 Pa.C.S. §4346 when imposing a contempt fine for non-compliance with visitation or partial custody the order need not specify a condition which, when fulfilled, would result in the purging of contempt." 361 Pa. Super. at 200, 522 A.2d at 83.

The Superior Court has recognized that a distinction must be made between partial custody orders and other types of orders. The *Sutliff* decision clearly states that if a person is found to be in contempt of a partial custody or visitation order, unlike other types of civil contempt, no provision must be included allowing the party to purge himself or herself of the contempt.

This court must now determine whether, in fact, either of the parties willfully violated this court's previous orders and, if so, fashion an appropriate penalty. We note that this court has reaped little benefit from the two days of testimony. At best, the credibility of most of the witnesses was tenuous. The weight to be given to the evidence offered and the credibility of the witnesses is solely a question

for the trier of fact. See *Kay v. Kay,* 460 Pa. 680, 683, 334 A.2d 585, 586, (1975), and *Wilson v. Benjamin,* 332 Pa. Super. 211, 221, 481 A.2d 328, 333 (1984).

.For ease of discussion, we will address each of the parties' petitions for contempt separately.

### Plaintiff's Petition Alleging that Defendant Keller was in Contempt

Plaintiff avers that his ex-wife wrongfully refused to allow Jackie to go with him on Father's Day, June 17, 1990. He testified that when he arrived at defendant's home, defendant told him that the child was ill and could not go with him. Plaintiff also testified that Jackie appeared to be in good health at that time and that, later in the day, he drove by defendant's house and saw the girl playing in defendant's backyard.

According to defendant, a licensed nurse, the child became ill the day before Father's Day and for the next two days had a temperature of 102 degrees. Yet, despite the child's alleged illness, defendant took Jackie to Pine's mother's home, and on the way back to defendant's mobile home, allowed the girl to slide down a sliding board. While she was playing, the girl was hit in the face with a teeter-totter.

Several witnesses, all of whom are related to defendant's paramour, testified that Jackie was ill on Father's Day. However, a disinterested witness, John Nicholson, testified that he spend Father's Day with Pine's family and witnessed the teeter-totter accident. He also saw Jackie playing outside all day and she did not appear to be ill.

This court simply does not believe that Jackie was as sick on Father's Day as defendant now alleges or

that defendant was justified in refusing to give her to defendant. We also believe that plaintiff and Nicholson saw the child playing in the yard that day.

This court finds that defendant Tonya Keller was in contempt of the court's February 15, 1990 order by refusing to allow plaintiff to exercise partial custody of the child on June 17.

### Defendant' Petition Alleging that Plaintiff Harbaugh was in Contempt

Defendant alleges that plaintiff was in contempt of the February 17, 1990 and June 27, 1990 orders by failing to return the child after exercising partial custody. It is clear to this court that plaintiff, in fact, willfully refused to return the child when he should have and was in contempt of two of the court's orders.

Plaintiff alleges that the child had a bruised eye when he picked her up on June 24 and that he took her to the hospital emergency room. A representative of the Franklin County Children and Youth Service did advise plaintiff not to return the child to defendant until the agency had completed its investigation.

Plaintiff, however, was informed by Children and Youth Service the following afternoon that the bruise was caused when Jackie was struck in the face by a teeter-totter on Father's Day and that there was no evidence that Jackie was being abused by defendant. A representative of the agency also told plaintiff before or on June 26 to return Jackie to her mother and, in fact, Judge Kaye's June 27 order directed plaintiff to return the girl and revoked his rights to partial custody. Plaintiff, however, did not do so until June 28, 1990.

We must also find plaintiff to be in contempt of this court's orders. We would be very reluctant to do so if he had returned the girl to her mother soon after learning that Children and Youth's investigation showed that the allegations of abuse were unfounded. However, plaintiff kept her for three additional days, never contacting defendant to inform her of the child's condition or whereabouts. He also completely ignored Judge Kaye's order directing him to return the girl until he was advised that criminal charges would be filed against him if he did not do so immediately.

## CONCLUSION

Both plaintiff and defendant have willfully disregarded this court's orders and are found to be in contempt. Defendant Tonya Keller wrongfully refused to allow plaintiff to exercise partial custody on Father's Day, violating the order dated February 15, 1990. She is ordered to pay the sum of $150 plus costs. Defendant Terry J. Harbaugh willfully disregarded the orders dated February 15, 1990 and June 27, 1990 by refusing to return Jackie to her mother after exercising partial custody on June 24, 1990. He is ordered to pay the sum of $250 plus costs. Costs shall be shared equally by plaintiff and defendant.

## ORDER OF COURT

October 26, 1990, the court finds defendant to be in contempt of court and orders her to pay the sum of $150 plus costs. The court finds plaintiff to be in contempt of court and orders him to pay the sum of $250 plus costs.

Both plaintiff and defendant are ordered to appear at the Collections Office, Franklin County Court-

house Annex, Chambersburg, Pennsylvania, within 20 days from the date of this order to work out a payment plan.