590 A.2d 1307

**Effie Vose PATTEN, Appellee,**

v.

**Clinton R. VOSE, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1991.

Decided May 10, 1991.

Mary Jo Dillon, Butler, for appellant.

Marilyn J. Horan, Butler, for appellee.

Before ROWLEY, President Judge, and WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

In this action to recover child support arrearages which accrued between 1967 and 1970, the trial court ordered Clinton R. Vose to pay three thousand, two hundred fifty-one dollars and seventy ($3,251.70) cents to Effie Vose Patten. On appeal, the appellant-father argues that the recovery of such arrearages is barred by the doctrine of laches. We disagree and affirm the order of the trial court.

Clinton R. Vose and Effie Vose Patten were married on June 5, 1955 and thereafter resided in Butler County, Pennsylvania. Four children were born of the marriage. Richard was born September 6, 1957; Jeffrey was born June 15, 1960; Michael was born August 29, 1961; and Linda was born January 14, 1965. At some later time, Clinton and Effie separated, and, on October 5, 1966, the court in Butler County entered an order directing appellant-father to pay the sum of fifty ($50.00) dollars per week for the support of his wife and four children. The order was amended on March 31, 1967 to require payments of forty-two and 50/100 ($42.50) dollars per week, and arrearages were set at three hundred ten ($310.00) dollars. By the end of 1967, appellant-father had made support payments of one thousand, three hundred eighty-five ($1,385.00) dollars of a required seventeen hundred ($1,700.00) dollars, leaving arrearages of three hundred fifteen ($315.00) dollars.

In 1968, the appellant-father moved to Armstrong County, where an order was entered which required him to pay the sum of forty-two and 50/100 ($42.50) dollars per week

for the support of four children.[1]  The records in Mercer County, where appellee-mother then resided, disclose that in 1968 appellant paid one thousand, five hundred seventy-two and 70/100 ($1,572.70) dollars of the two thousand, two hundred ten ($2,210.00) dollars required by the order.  In 1969, he paid one thousand, four hundred eighty-seven ($1,487.00) dollars of the two thousand, two hundred ten ($2,210.00) dollars which were due.  Finally, in 1970, appellant paid nine hundred forty-three and 60/100 ($943.60) dollars for support instead of the total of two thousand, two hundred ten ($2,210.00) dollars which was due.  The arrearages from the Armstrong County order for the years 1968, 1969, and 1970, therefore, were in the total amount of two thousand, six hundred twenty-six and 70/100 ($2,626.70) dollars.  The total arrearages for the years 1967 through 1970 were three thousand, two hundred fifty-one and 70/100 ($3,251.70) dollars.

In 1971, when appellant moved to Beaver County, the order was continued in Beaver County.  On August 12, 1981, however, the parties entered an agreement by the terms of which appellant took custody of the parties' remaining minor child, Linda.  It was agreed at that time that the child support order would terminate and that appellant would pay the arrearages which had accrued under the Beaver County order.  Arrearages under the Beaver County order were set at three hundred fifty-seven and 34/100 ($357.34) dollars, and appellant's wages were attached in the amount of twenty-five ($25.00) dollars per week.  By December, 1987, appellant had paid all arrearages due on the Beaver County order, and the attachment order was vacated.

On July 15, 1988, appellee commenced an action against appellant to recover arrearages which had accrued from 1967 to 1970 under the Butler and Armstrong Counties support orders.  A hearing was held, and the hearing officer recommended that the matter be terminated with prejudice because appellee had waited twenty-three (23)

1. Husband and wife were divorced on December 18, 1967.

years to request these arrearages. Exceptions were filed, and a hearing de novo was held before the Honorable Martin J. O'Brien. On July 21, 1990, appellant was ordered to pay appellee three thousand, two hundred fifty-one and 70/100 ($3,251.70) dollars in child support arrearages which had accrued between 1967 and 1970. In so doing, the court rejected appellant's defense of laches.

The test for applying the doctrine of laches has been stated as follows:

> The party asserting laches must show, first, a delay arising from the other party's failure to exercise due diligence, and second, prejudice from the delay. ... It is not enough to show delay arising from failure to exercise due diligence; for "laches will not be imputed where no injury has resulted to the other party by reason of the delay."

*Jackman v. Pelusi,* 379 Pa.Super. 361, 368, 550 A.2d 199, 202 (1988), quoting *Kehoe v. Gilroy,* 320 Pa.Super. 206, 212, 467 A.2d 1, 4 (1983). See also: *Doppler v. Doppler,* 393 Pa.Super. 600, 609, 574 A.2d 1101, 1106 (1990); *In re Estate of Doerr,* 388 Pa.Super. 474, 477, 565 A.2d 1207, 1208–1209 (1989).

> Laches requires not only a passage of time, but also a resultant prejudice to the party asserting the doctrine. *Young v. Hall,* 421 Pa. 214, 218 A.2d 781 (1966) *citing Miller v. Hawkins,* 416 Pa. 180, 205 A.2d 429 (1964). Laches is based on "some change in the condition or relations of the parties which occurs during the period the complainant unreasonably failed to act." *Leedom [v. Thomas*], 473 Pa. [193], 201, 373 A.2d [1329], 1333 [1977].

*In re Estate of Doerr, supra* at 478, 565 A.2d at 1209. The existence of laches is a factual issue to be decided according to the circumstances in each particular case. *Jackman v. Pelusi, supra,* 379 Pa.Super. at 368–369, 550 A.2d at 202, citing, *Leedom v. Thomas,* 473 Pa. 193, 373 A.2d 1329 (1977). See also: *In re Estate of Doerr, supra,* 388 Pa.Super. at 478, 565 A.2d at 1209. "[T]he burden of proof with respect to the doctrine [of laches] is upon the party assert-

ing the defense; in order to meet this burden, the party alleging the delay must demonstrate prejudice." *Lipschutz v. Lipschutz*, 391 Pa.Super. 537, 546, 571 A.2d 1046, 1051 (1990), citing *Kay v. Kay*, 460 Pa. 680, 334 A.2d 585 (1975). "[D]elay alone, no matter how long, does not itself establish laches." *Jackman v. Pelusi, supra,* 379 Pa.Super. at 369, 550 A.2d at 203.

"Courts have been extremely cautious in applying the doctrine of laches to situations like the one before us in which a child support order has not been enforced, even when long periods of time are involved." *Jackman v. Pelusi, supra,* 379 Pa.Superior Ct. at 367, 550 A.2d at 202. In *Jackman,* the court held that a recovery of support arrearages was not barred by laches after a delay of thirteen (13) years where the appellant had not been prejudiced by the delay. See also: *Rudder v. Rudder,* 462 So.2d 732 (Ala.Civ.App.1984) (wife's action to collect child support arrearages from husband not barred by laches where delay caused no prejudice since husband was aware of divorce decree ordering child support and knew that the child support payments were due); *Roszko v. Roszko,* 146 Ariz. 274, 705 P.2d 951 (1985) (wife waiting ten (10) years to assert claim against husband for child support arrearages was not barred by laches where wife constantly informed husband of the arrearages; wife was not required to pursue futile claim when it was manifestly obvious that husband was unable to pay due to financial difficulties); *Brown v. Dyer,* 489 A.2d 1081 (D.C.App.1985) (wife's claim to collect child support arrearages from husband not barred by laches where husband failed to show prejudice by three and one-half (3½) year delay and where it could not be said that delay was undue considering difficulty of enforcing support order while wife was living in foreign country and wife had made prior attempt to collect arrearages); *Thurn v. Thurn,* 310 N.W.2d 539 (Iowa App.1981) (wife's action for child support arrearages not barred by laches where wife waited twenty-two (22) years to bring suit, since she knew that husband's financial circumstances remained limited); *Beck-*

*er v. Becker,* 145 A.D.2d 968, 536 N.Y.S.2d 620 (1988) (wife's mere inaction and delay in bringing proceeding for payment of arrearages of support order for almost four (4) years without showing of prejudice to husband did not constitute laches); *Larsen v. Sedberry,* 54 N.C.App. 166, 282 S.E.2d 551 (1981), *cert. denied,* 304 N.C. 728, 288 S.E.2d 381 (1982) (wife's action for child support arrearages not barred by laches even though action not filed until fourteen (14) years after entry of original order and until former husband had died where it was not shown that wife's delay resulted in prejudice to husband).

■ In the instant case, the appellant moved from county to county during the period in which he was required to pay for the support of his wife and children, and appellee-mother resided in Michigan after 1982. Nevertheless, it is difficult to explain appellee's failure to make an effort to collect arrearages, particularly in view of the fact that later arrearages were collected by means of a wage attachment issued in Beaver County. However, even if we assume that appellee demonstrated a lack of due diligence in pursuing her right to collect arrearages, the record fails to disclose that appellant was prejudiced by the delay.

"Prejudice is an essential element of laches; in the absence of prejudice to the party asserting laches, the doctrine will not be applied." *Jackman v. Pelusi, supra,* 379 Pa.Super. at 369–370, 550 A.2d at 203. Appellant contended in the trial court that he had been prejudiced because payment records in Armstrong County had been destroyed. Because of the intercounty proceedings, however, the existence and amount of arrearages could be determined by records in Butler and Mercer Counties. Appellant also contends on appeal that he believed the wage attachment in Beaver County had been effective to wipe out all prior arrearages. He conceded, however, that he had been aware that full payments had not been made as required by the orders entered in Butler and Armstrong Counties. We are constrained to agree with the trial court, therefore, that the circumstances do not demonstrate that appellant was preju-

diced by appellee's failure to move promptly to collect support arrearages. Appellant's duty to provide support for his wife and children had been established by court order; and his failure to comply fully therewith was clearly established by judicial records. Under these circumstances, he cannot complain that enforcement was delayed. He has been employed steadily at the same job during the last seventeen years, and it does not appear that his ability to pay support arrearages has been impaired. Thus, he has failed to demonstrate laches which would bar appellee's action to recover arrearages due under prior court orders.

Affirmed.