**Keller v. Keller**

*Louis Lipechitz,* for plaintiff.
*Daniel J. Clifford III,* for defendant.

BRODY, *J.,* February 7, 1992—

## MEMORANDUM

*Facts and Procedural History*

The plaintiff Rochelle Keller (mother) and defendant Leonard Keller (father) were married on March 1, 1959. They had two children, Bruce Keller, born on January

4, 1963, and Scott Keller, born on December 17, 1960. On March 18, 1977, the couple separated; both children continued to live with their mother. In 1978, custody of Scott was transferred to his father; Bruce remained in the custody of his mother.

On May 10, 1979, an order for support was entered requiring the father to pay support for Bruce in the amount of $140 per month.[1] Bruce began college in the fall of 1981 and graduated in the spring of 1985. Father complied with the order until Bruce began college, at which time he stopped paying support. The arrearages accumulated from 1981 until March 11, 1991, when the support order was modified to provide for arrearages only. Father waited until December 3, 1990, to file a petition to vacate the order and remit arrearages.[2] On January 16, 1992, after a hearing de novo on father's petition, I entered the following order:

"And now, January 16, 1992, it is ordered and decreed that the May 10, 1979, support order is vacated in the amount of $9,235.52. This includes the time period from the child's graduation from college until March 11, 1991, when the support order was modified to account for arrearages only. Further, this court orders a hearing to

---

1. Mother initially filed a petition for support on June 22, 1977, in Montgomery County. This petition was discontinued by plaintiff's counsel. On May 11, 1978, mother filed another petition to compel payment of support. Because father moved to California, Montgomery County forwarded the petition to Los Angeles County in June 1978. That court entered the support order now in question. Neither party's brief addressed the impact of the Uniform Reciprocal Enforcement of Support Act, so I did not consider the issue.

2. Mother requested an increase for college expenses in July of 1979. No court entertained the petition.

resolve the remaining issue of whether to enforce or partially vacate the order during the period of time that the child attended college. The defendant's liability is limited to $6,724.48, the amount of arrearages on the existing order accumulated while the child, Bruce Keller, was attending college.

"[The exact dollar amounts, calculated from figures provided by plaintiff's counsel, are subject to adjustment pending stipulation by counsel or testimony as to the exact dates the child attended college.]"

## Discussion

Father filed a petition to vacate support and remit arrearages. Mother sought to retain those arrearages which accumulated from 1981 to 1985. She argued that father had an ongoing obligation to support Bruce while he attended college and that this court was precluded from retroactively modifying the arrearages.[3]

A parent's obligation to provide support exists until the child is emancipated. 23 Pa.C.S. §§4321(2), 4323(a) (1991). See *Trotsky v. Mann*, 398 Pa. Super. 369, 581 A.2d 177 (1990). Emancipation normally occurs when a child turns 18 years old. See 23 Pa.C.S §4321 (1991). However, if the child attends college, the child isn't emancipated until he or she graduates. *Maurer v. Maurer*, 182 Pa. Super. 468, 555 A.2d 1294 (1989). See also

---

3. The recent Pennsylvania Supreme Court case, *Barnes v. Barnes*, 528 Pa. 258, 597 A.2d 89 (1991), held that 23 Pa.C.S. §4352(e) (1988), the statute which generally prohibits a retroactive modification of arrears is not retroactively applicable. Since the statute took effect in 1988 it cannot be applied to this case where the support order was issued in 1979.

*Brown v. Brown,* 327 Pa. Super. 51, 474 A.2d 1168 (1981). Because Bruce Keller attended college, he wasn't emancipated until the day he graduated.

When a child has sincere and reasonable intentions to pursue higher education, his or her parents may have an obligation to provide assistance. *Maurer,* 382 Pa. Super. at 477, 555 A.2d at 1297-98. However, a support order cannot impose undue hardship on a parent. Thus, a court must consider a parent's financial status before ordering college support. *Chesonis v. Chesonis,* 372 Pa. Super. 113, 538 A.2d 1376 (1988). Father may have had a continuing obligation to support Bruce during college. This issue must be resolved by a hearing.

Father asserts that he is entitled to the relief sought in his petition to vacate based on the defense of laches, that mother failed to seek a timely enforcement of the order. The test for laches in Pennsylvania is as follows: "The party asserting laches must show first, a delay from the other party's failure to exercise due diligence, and second, prejudice from the delay." *Kehoe v. Gilroy,* 320 Pa. Super. 206, 212, 467 A.2d 1, 4 (1983).

The recent decision, *Patten v. Vose,* 404 Pa. Super. 426, 590 A.2d 1307 (1991), is controlling. In that case the mother brought an action in 1988 seeking to recover arrearages which accumulated in support order against father from 1967-1970. Father asserted a laches defense which was rejected by the court. Even though the mother, the obligee on this support order, waited over 20 years to request payment of arrearages, this delay did not prejudice the father, the obligor. He had full knowledge of the support obligation and failed to pay it. The father could not argue that he was prejudiced after he disregarded his legal obligation. *Patten,* 404 Pa. Super. at 431-2, 590 A.2d at 1310.

In the present case, father had full knowledge of the support order for Bruce and ignored it.[4]  Under the *Patten* holding, father was not prejudiced by mother's lack of due diligence in waiting close to ten years to attempt enforcement of the order.

Mother never argued for an increase in the amount of the original court order.[5]  Therefore, my order provided a ceiling on college support, the amount covered by the 1979 order.

---

4.  An existing support order remains in effect after the child's 18th birthday if he or she is pursuing a college education.  The parties need not file a petition to continue support. *Reitmeyer v. Reitmeyer,* 355 Pa. Super. 318, 323, 513 A.2d 448, 451 (1986).  For this reason, it was unnecessary to commence a new action in this case.

5.  Even if mother had made this request, it is unlikely that I would have granted it.