**Mazzarini v. Mazzarini**

C.P. of Lawrence County, no. 10253 of 2002, C.A.

*Michael J. Dougherty*, for Huntington Bank.

*Daniel Herman*, for defendant and Keystone Research Inc.

HODGE, *J.*, December 30, 2010—This opinion is issued pursuant to Pa.R.A.P. 1925(a) in support of the order of court dated January 4, 2010. The plaintiff asserts that this court abused its discretion in finding that the defense of laches applied in the above captioned case; the trial court disagrees and supports its decision for the reasons set forth below.

The plaintiff, Donna J. Mazzarini, and the defendant, Stephen A. Mazzarini, are currently involved in a divorce proceeding, initiated on May 1, 2002. A petition for emergency relief was later filed on behalf of the defendant, and a subsequent order was issued on May 12, 2003, by the Honorable Judge Thomas M. Piccione, requiring the

affairs and business of Dana Robert Trucking Incorporated (hereinafter "truck company") to be placed under the supervision and control of a trustee, namely Richard H. Miller (hereinafter "trustee") acting as president and representative of Keystone Research, Inc.[2]

Thereafter, trustee provided notice to Sky Bank of the court order appointing him as trustee and granting him the sole ability to open, close and manage any and all bank accounts on behalf of the truck company. Sky Bank was later succeeded by Huntington National Bank. The date on which trustee provided Sky Bank with notice is disputed. It was during the disputed dates when plaintiff withdrew monies from the accounts owned by the truck company totaling almost $70,000. A master's hearing was held on March 24, 2004 where all the economic issues surrounding the parties' divorce were addressed. In an order of court dated September 2, 2004, this court affirmed the master's award, but directed that plaintiff assume responsibility for all of the marital debt, including the $69,591.80 she converted from the business account.

Trustee now petitions this court to find Huntington Bank in civil contempt of court for disobeying the May 12, 2003 order by allowing plaintiff to withdrawal said monies. Briefs were filed on trustee's petition for civil contempt on behalf of Huntington bank as well as Keystone Research Inc. and oral argument was held on November 17, 2009. Plaintiff was not present for argument on November

---

2. The truck company was a business owned by the parties and constituted a large portion of the economic assets subject to the divorce proceedings.

17, 2009, nor was she represented by her counsel of record. After taking into consideration trustee's petition, supplemental briefs and oral argument, this court entered an order on January 4, 2010 denying trustee's request after determining that the defense of laches barred any claim by trustee against Huntington National Bank and that Huntington National Bank lacked sufficient notice of the contempt proceeding. Additionally, this court believed that the petition for civil contempt filed against Huntington National Bank is more appropriately filed under a different case heading involving the defendant, Steve Mazzarini, and Huntington National Bank at case number 10604 of 2006, in the court of common pleas, Lawrence County, Pennsylvania.

Trustee subsequently appealed the January 4, 2010 and claimed that this court abused its discretion in finding that the defense of laches applies. The test for applying the doctrine of laches has been stated as follows:

The party asserting laches must first show a delay arising from the other party's failure to exercise due diligence, and second, prejudice from the delay. It is not enough for a party to only show delay arising from failure to exercise due diligence, as the doctrine of laches will not be imputed where no injury has resulted to the other party by reason of the delay. *Pattern v. Vose*, 590 A.2d 1307, 1309 (Pa. Super. 1991).

"Prejudice is an essential element of laches; in the absence of prejudice, the doctrine of laches will not be applied." *Jackman v. Pelusi*, 550 A.2d 199, 203 (Pa.

Super. 1988). The types of prejudice that may be shown, include but are not limited to: unavailability of potential witnesses; lost or destroyed records; or a change in a party's position in anticipation of claims having been waived. *Leedom v. Thomas*, 473 Pa. 193, 201, 373 A.2d 1329, 1333 (Pa.1977). Thus, the burden of proof with respect to the doctrine of laches is upon the party asserting the defense, and as previously stated, in order to meet this burden, the party alleging the delay must demonstrate prejudice." *Lipschutz v. Lipschutz*, 571 A.2d 1046, 1051 (Pa. Super. 1990) (citing *Kay v. Kay*, 460 Pa. 680, 334 A.2d 585 (Pa. 1975). "[D]elay alone, no matter how long, does not itself establish laches." *Jackman v. Pelusi*, 550 A.2d at 203.

In the case sub judice, the court finds that Huntington National Bank has been severely prejudiced by trustee's failure to exercise due diligence in filing this contempt petition. In reaching this conclusion the court relies on the fact that the plaintiff has consistently avoided the authority of this court, and renders Huntington National Bank now subject to liability for her wrongful conduct. This court also believes that the issue of liability regarding the misappropriated funds has already been addressed by the master and subsequently by this court, whereby said funds were assessed against the plaintiff. To hold Huntington National Bank in contempt for the plaintiff's disobedience is unjust, as Huntington National Bank is not an appropriate revue to compensate the defendant for the actions of the plaintiff. The court also notes that Steve Mazzarini filed a writ of summons against Huntington National Bank

at case number 10604 of 2006 seeking reimbursement for these same monies. To find Huntington National Bank in contempt now has the possibility of rendering them responsible for the same monetary amounts at two different case numbers, whereby defendant would be unjustly enriched.

Additionally, the issue of when Huntington National Bank was provided notice of the May 12, 2003 order is analogous to the issue of prejudice. It is the contention of Trustee that Notice was provided to Huntington National Bank on May 26, 2003. Counsel for Huntington National Bank refutes Trustee's argument by explaining that May 26, 2003 was Memorial Day, a national holiday, when banks generally are not open. Huntington National Bank does acknowledge that they did get notice of the May 12, 2003 order, but claim that said notice was provided on June 6, 2003. It was during this eleven day gap when plaintiff converted the largest amount of funds from the truck company's financial accounts. Obviously, Huntington National Bank is prejudiced by the passing of almost six years before the filing of this petition, insomuch that neither party can properly establish for this court when notice was actually given.

Consistent with the opinion set forth above, the court supports its order of court dated January 4, 2010, and believes the same should be affirmed.

### ORDER OF COURT

And now, December 30, 2010, the court having received a memorandum opinion ordering this court to issue a

supplemental opinion in support of the order of court dated January 4, 2010, and the court having complied with the Superior Court's directions, it is hereby ordered and decreed that the record in this matter be forwarded to the prothonotary of the superior court, along with a copy of this order and opinion.

The prothonotary shall properly serve notice of this order and opinion by regular mail or personal service upon counsel of record and any party not represented by counsel at their last known address as contained in the court's file.