# Degidio v. Degidio

C.P. of Lawrence County, nos. 40045 of 2001, E.Q. and 10255 of 2001, C.A.

*Breonna C. Frisk-Miller,* for plaintiff.
*George M. Freed,* for defendant.

HODGE, *J.,* January 13, 2011—This case was before the court on December 14, 2010 on a motion to reinstate sanctions and a motion to appoint master filed on behalf of the plaintiff, Denise Caminite DeGidio. The defendant, Alexander J. DeGidio, filed a memorandum in response to plaintiff's motions claiming that the doctrine of laches precluded plaintiff from obtaining the requested relief from this court. The court heard oral argument from counsel on the legal issue of whether the doctrine of laches is applicable in the instant case, and the matter is now before the court for determination.

A brief summation of this case's factual history is as follows: The plaintiff and defendant were married on March 11, 1983, and they were separated on February 1, 2001. The separation occurred after an incident of domestic violence, which resulted in physical injury to the plaintiff. This specific incident prompted plaintiff to file a complaint in divorce and obtain a protection from abuse

order against defendant. A final protection from abuse order was issued on February 16, 2001. The February 16, 2001 order included a provision forbidding the parties from alienating, encumbering, and disposing of the marital property.

Thereafter, the defendant prevented the plaintiff from entering their home to obtain her personal belongings and her dog. Plaintiff could not access the marital residence until June of 2001, but by that time many of her personal possessions having any value were gone, including her dog. The residence itself was left by the defendant uninsured and unoccupied. The bank had foreclosed on the residence, and the property was eventually sold at the sheriff's sale.

On January 7, 2002, the Honorable President Judge Ralph Pratt found defendant in contempt of court and ordered remedies and sanctions. Defendant appealed the January 7, 2002 order of court. Plaintiff did not respond to defendant's notice of appeal. The Superior Court subsequently affirmed all of the January 7, 2002 order, except paragraphs, 5(a) and (b)(i). This specific portion of the order was remanded to the trial court to make a determination regarding defendant's ability to comply with the provision set forth in the order. Until plaintiff recently filed the motion to reinstate sanctions and a motion for appointment of master, this case was inactive since July 9, 2003, the date of remand from the Superior Court.

The court will first address plaintiff's motion to reinstate sanctions. The specific sanctions imposed by the

Honorable Judge Pratt are extracted from the January 7, 2002 order and read as follows:

4) As sanctions, the court directs that defendant shall serve a term of imprisonment in the Lawrence County Jail of six (6) months and pay a $1,000.00 fine, effective immediately.

5) The sanctions imposed are suspended pending an opportunity for the defendant to purge himself of contempt by complying with the following conditions:

a) within 10 days from the filing of this order, defendant shall pay the plaintiff the sum of $340.00 for cell phone charges, $500.00 to replace a portion of plaintiff's damaged clothing, and $400.00 for reasonable attorney's fee;

b) within 90 days of the filing of this order:

i) pay all arrearages regarding the mortgaged loan which encumbers the marital residence to bring the installment payment obligations current and thereby preclude the pending mortgage foreclosure proceeding at No. 10585 of 2001, C.A.;

ii) clean, repair, and return to an orderly condition the interior and exterior of the marital residence so that it is appropriate for prospective buyers to view; and

iii) provide to plaintiff a full accounting in writing of all personal property in the marital

residence at the time plaintiff vacated the residence on February 16, 2001, and that personal property which currently exists in the residence; and

c)    fully comply with the PFA order of February 16, 2001 as extended by this order.

As previously stated, the Superior Court remanded this case to the trial court for a determination of defendant's ability to comply with provisions 5(a) and (b)(i-ii). However, subsequent to this case being remanded, no action was taken by either party to initiate proceedings as directed by the Superior Court.

The defendant now asserts the defense of laches. This defense bars relief when the complaining party has acted without due diligence and has consequently failed to initiate an action to another's prejudice. *Leedom v. Thomas*, 473 Pa. 193, 200, 373 A.2d 1329, 1332 (Pa. 1977). The test for applying the doctrine of laches has been stated as follows: The party asserting laches must first show a delay arising from the other party's failure to exercise due diligence, and second, prejudice from the delay. *Pattern v. Vose*, 590 A.2d 1307, 1309 (Pa. Super. 1991). It is not enough for a party to only show delay arising from failure to exercise due diligence, as the doctrine of laches will not be imputed where no injury has resulted to the other party by reason of the delay. *Id.*

"Prejudice is an essential element of laches; in the absence of prejudice, the doctrine of laches will not be applied." *Pattern v. Vose*, 590 A.2d at 1309. Laches

is properly asserted when a change in the condition or relations of the parties occurs during the period of time the complainant unreasonably failed to act. *Leedom v. Thomas*, at 201, 373 A.2d at 1333. Thus, the burden of proof with respect to the doctrine of laches is upon the party asserting the defense, and as previously stated, "in order to meet this burden, the party alleging the delay must demonstrate prejudice." *Lipschutz v. Lipschutz*, 571 A.2d 1046, 1051 (Pa. Super. 1990) (citing *Kay v. Kay*, 460 Pa. 680, 334 A.2d 585 (Pa. 1975). "[D]elay alone, no matter how long, does not itself establish laches." *Pattern*, 590 A.2d at 1309 (quoting *Jackman v. Pelusi*, 550 A.2d 199, 202 (Pa. Super. 1988).

The court finds that plaintiff has failed to exercise due diligence to ensure that this case was resolved and finalized before the court. Seven years have passed since plaintiff took any initiative to proceed with the directions of the Superior Court and assess the defendant's ability to pay the contempt conditions set forth by the court. Plaintiff rationalizes her failure to act by claiming that she was without the financial resources to continue forward with the litigation and that she had moved out of state for fear of the defendant.

The defendant contends that as a result of plaintiff's failure to exercise diligence he has inevitably been prejudiced; the court must agree with the defendant's assertion. Laches is founded on some change in the condition or relations of the parties which occurs during the period the complainant unreasonably failed to act. See *Kay v. Kay*, 460 Pa. 680, 334 A.2d 585 (1975). Well over

seven years have passed since this case was remanded from the Superior Court without plaintiff taking any action to enforce the issue of contempt. Since that time, defendant asserts that his financial position has substantially changed, and any marital assets that may have once belonged to the parties no longer exist.

Furthermore, the defendant argues that it would be unreasonable for the court to schedule a hearing to determine defendant's ability to financially comply with the January 7, 2002 order, as such a determination would be almost impossible to determine after such a drastic delay in the proceedings. Plaintiff, however, in her memorandum, argues that defendant is not prejudiced as he "is in the same if not better position to make good on the remaining portion of the contempt order and to litigate the remanded portion of the contempt order, as he has since started and successfully grown a business of his own." See *plaintiff's memorandum*, page 5. Yet the defendant's present ability to pay cannot be considered by the court, as this determination must be made based on the defendant's ability to pay at the time of the previous contempt hearing.

Plaintiff additionally argues that her rights were established by the court, as set forth in the protection from abuse order, and the primary obligation to enforce her rights did not lie with the plaintiff, but the court itself. Although this argument may have some merit on its face, the court's file indicates that the protection from abuse order issued by the Honorable Judge Pratt was extended to September 16, 2003. Any court-implemented provisions against the

defendant expired on that date, and for that reason, this court finds itself without the necessary jurisdiction to enforce the protection from abuse order.

The remaining issue before the court is plaintiff's motion for appointment of master. Defendant, in opposition to plaintiff's second motion, raises the same defense of laches and for similar reasons. The court, after a thorough review of the file, notes that plaintiff has preserved her claim for economic relief prior to a divorce decree being entered by the Honorable Judge Thomas M. Piccione on December 5, 2003. The court is additionally bound to follow the statutory law which enables a equitable claim that has been properly preserved to survive the entry of a divorce decree. See 23 Pa.C.S.A. § 3503.

It is the determination of the court that proceeding forward with an equitable resolution of the parties' divorce is appropriate, as the court finds that the delay in this portion of the proceedings does not prejudice the defendant.

The court will enter the following order in accordance with this opinion.

## ORDER OF COURT

And now, January 13, 2011, after hearing argument on plaintiff's motion to reinstate sanctions and motion to reinstate sanctions and motion for appointment of master, with Breonna C. Frisk-Miller, Esquire, appearing and representing the plaintiff, and with George M. Freed, Esquire, appearing and representing the defendant, the

court hereby orders and decrees as follows:

1.   Plaintiff's motion to reinstate sanctions is denied.

2.   Plaintiff's motion for appointment of master is granted.

3.   The court appoints Gregory S. Fox, Esquire as equitable distribution master.

4.   The plaintiff and defendant shall each pay within 14 days of the date hereof $200.00 toward the initial deposit fee of $400.00 for the master. At the time of the hearing, the master shall determine how to allocate the payment for reimbursement of his costs between the parties.

5.   Both parties shall complete discovery within thirty (30) days of the date of this order.

6.   Both parties shall file or update their inventory forms within thirty (30) days from the date of this order.

7.   The recommendation of the master regarding alimony pendent elite, alimony and medical insurance coverage will be treated by the parties as an order of court at any civil action or domestic relations case numbers until further order of court.

8.   Each party hereby waives on behalf of his or her estate, the provision of the Pennsylvania Dead Man's Act in the event of his or her intervening death.

9.   Until final economic resolution, each party is hereby

enjoined and restrained from alienating, assigning, concealing, conveying, dissipating, encumbering, hypothecating, pledging, secreting, transferring or otherwise disposing of any of the marital property of the parties.

10. The prothonotary shall properly serve notice of this order and opinion upon counsel of record; upon any party not represented by counsel; and upon Gregory S. Fox, Esquire, by regular mail or personal service.