646 A.2d 1186

**Margaret M. PRESTON**

v.

**William Russell PRESTON, Appellant. (Two Cases)**

Superior Court of Pennsylvania.

Argued March 16, 1994.

Filed Aug. 16, 1994.

460

James W. Reid, Scranton, for appellant.

Joseph J. Notarianni, Scranton, for appellee.

Before BECK, POPOVICH and HOFFMAN, JJ.

BECK, Judge.

The issue is whether a father, a support obligor, is entitled to credit for child support payments for an amount paid by the Social Security Administration directly to his children as a result of his retired status. We remand for the court to reconsider the question in light of *Children and Youth Services of Allegheny County v. Chorgo,* 341 Pa.Super. 512, 491 A.2d 1374 (1985).

Margaret (mother) and William (father) Preston were married in December, 1973. They adopted two children during their marriage, Bradley, born in 1981 and Ashley, born in 1984 (the children). The parties divorced in April, 1992 and in August of that year, the court issued a temporary order directing father to pay $480.00 per month to mother for

support of the children. After hearings before the Master and arguments by the parties, the trial court denied father's request that the funds paid by Social Security directly to the children be credited against his support obligation. Father now appeals the order requiring him to pay $480 per month.

Father is 68 years old and receives a monthly retirement payment from the Social Security Administration. Father's benefits also include a payment made directly to his children in the amount of $806.00 per month.[1]

In father's appeal, he relies on a superior court case which holds that there is a presumption that a father is entitled to receive credit against his child support obligation for Social Security payments made directly to his minor children. *See Children and Youth Services of Allegheny County v. Chorgo.* A full review of *Chorgo* is appropriate.

William Chorgo's children, who were in the custody of the county youth services agency, received monthly Social Security benefits. The agency commenced an action to enforce an outstanding child support order against Chorgo and to compel the payment of arrearages. Chorgo argued that he should receive credit for the Social Security payments paid to his children. The trial court rejected his arguments and ordered that no credit be given. A panel of this court concluded that the trial court erred in disallowing the credit.

After reviewing the case law of several other states that addressed the issue, the *Chorgo* court concluded that there is a rebuttable presumption that credit will be given for Social Security payments made directly to the child. The opinion's holding does not require credit in all cases. Instead it advises that "the court still has the ability to alter the presumption and give partial or no credit, should the circumstances justify it." *Id.* at 520, 491 A.2d at 1378.

In the instant case, the trial court did not address *Chorgo.* Father relies on the case, and mother, in her appel-

1. The Social Security Act provides that a dependent child of a person who is entitled to Social Security benefits is also entitled to a monthly insurance benefit. *See* 42 U.S.C.A. § 402(d)(1).

late brief, attempts to distinguish it.[2] We however conclude that *Chorgo* is apposite. Both cases involve the duty of a child support obligor where the children are receiving direct payments from Social Security as a result of the support obligor's Social Security entitlement.

The trial court erred in not considering *Chorgo* in reaching its decision. *Chorgo* does not require that credit always be given, the case merely sets forth a rebuttable presumption that credit is appropriate. A party opposing credit may persuade the court that credit is inappropriate under the specific circumstances of the case. Upon determining that a party should be awarded no credit (or only partial credit), the court must then articulate the reasons for its findings on the record. *See Chorgo, supra.*

Upon reconsideration of the circumstances in this case, it may be that the trial court concludes that credit is inappropriate and that mother has successfully rebutted the presump-

---

**2.** Mother attempts to distinguish *Chorgo* on three grounds. First, she notes that in *Chorgo* one of the parties was a governmental entity, while in the instant case the parties are parents. Mother argues the difference is significant because unlike the youth services agency in *Chorgo*, she contributed to Social Security payments made during the marriage because those payments came from household income. This argument is not persuasive because by federal mandate, Social Security benefits are not marital property at the point that funds are in pay-out status, 5 U.S.C.A. § 8345(h)(i). *See Endy v. Endy,* 412 Pa.Super. 398, 603 A.2d 641 (1992); *Cornbleth v. Cornbleth*, 397 Pa.Super. 421, 580 A.2d 369 (1990). Second, mother asserts that *Chorgo* involved disability benefits while the instant case involves retirement benefits. She points out that traditionally retirement benefits are subject to equitable distribution while disability benefits are not. *Ciliberti v. Ciliberti*, 374 Pa.Super. 228, 542 A.2d 580 (1988). This argument is also unpersuasive because the instant case involves child support and the rationale found in equitable distribution cases is inapposite. *Chorgo.* Lastly, mother attempts to distinguish *Chorgo* by reference to the definition of income in the support statute. She argues that under 23 Pa.C.S.A. § 4302, the term income includes social security payments. We point out that 42 Pa.C.S.A. § 4302 is inapposite to the issue raised in this appeal. The statute in question defines income for purposes of calculating support obligations and does not address the question raised in *Chorgo*, i.e., whether a parent may claim credit for Social Security payments made directly to children where such payments are paid under the parent's Social Security entitlement.

tion.[3]

We remand this matter to determine whether and to what extent father's support obligation should be credited.[4]

Order of the trial court reversed, matter remanded. Jurisdiction relinquished.

**3.** Unfortunately, *Chorgo* gives little direction on what type of evidence may support a finding that credit is inappropriate. Since this type of analysis was not employed by the court below, we are unable to determine whether the ruling was proper. Therefore, we find that the parties should be granted the opportunity to argue for or against a credit in light of the *Chorgo* analysis and the trial judge should rule thereon.

**4.** In addition to deciding the general issue of whether a credit is appropriate, the *Chorgo* court also addressed the issue of excess Social Security benefits, that is, benefits which exceed the amount of support ordered by the court. The *Chorgo* court found that excess benefits must be considered a "gratuity to the children." Further, excess benefits cannot be used as a prospective credit nor can they be used as a credit toward arrearages which accrued prior to the obligor's application for benefits. From the record in this case, it appears that the excess benefits issue may have to be addressed on remand.