679 A.2d 1300

**Mary MILLER**

v.

**Joseph J. BISTRANSKY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 11, 1996.

Filed July 12, 1996.

434

Caram J. Abood, Johnstown, for appellant.

Richard J. Green, Jr., for appellee.

Before DEL SOLE, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge.

This is an appeal from an order entered October 10, 1995, dismissing appellant's exceptions to the trial court's June 19, 1995 order granting back child support payments (arrearages) to appellee. Appellant, Joseph J. Bistransky, raises the following issues for our review:

I. WHETHER THE TRIAL COURT ERRED IN FIND-
ING THAT THE STATUTE OF LIMITATIONS DOES
NOT APPLY WHEN [AN APPELLEE] SEEKS EN-
FORCEMENT OF A COURT ORDER FOR SUPPORT
ENTERED FIFTY YEARS PREVIOUSLY FOR SUP-
PORT?

II. WHETHER THE TRIAL COURT ERRED IN
FINDING THAT THE DOCTRINE OF LACHES DOES
NOT APPLY WHEN [AN APPELLEE] SEEKS EN-
FORCEMENT OF A COURT ORDER FOR SUPPORT
ENTERED FIFTY YEARS PREVIOUSLY?

III. WHETHER THE TRIAL COURT ERRED IN
FINDING THAT A PLAINTIFF WHO IS SEEKING
ENFORCEMENT OF A FIFTY YEAR OLD SUPPORT
ORDER HAS STANDING?

IV. WHETHER THE TRIAL COURT ERRED IN
FAILING TO FIND THAT [APPELLANT'S] VETER-
AN'S ADMINISTRATION [VA] PAYMENTS TO THE
CHILD CONSTITUTE A CREDIT AGAINST CHILD
SUPPORT PAYMENTS OWED?

Appellant's Brief at 4. We affirm in part and reverse in part.

George Bistransky was born to appellant and appellee,
Mary [Bistransky] Miller, on August 5, 1946.[1] Prior to
George Bistransky's birth, appellee filed criminal charges of
desertion[2] and non-support[3] against appellant. Pursuant to
appellant's conviction on these charges, the court entered an
order on December 31, 1945, sentencing appellant to pay
appellee support of $25.00 per month, to be increased to $40.00
per month upon the child's birth.[4]

On July 1, 1994, appellee petitioned for arrearages, claiming
that appellant failed to make any payments to support the
child before he turned eighteen. On October 12, 1994, the

1. The parties were divorced in May 1947.

2. 18 P.S. § 4731 (repealed).

3. 18 P.S. § 4733 (repealed).

4. Accordingly, fifteen dollars ($15.00) per month was allocable to child
support.

trial court entered an order to suspend support for the child and set arrearages at $3,240.00 as of August 30, 1994. On October 14, 1994, the court attached $200.00 per month from appellant's wages for payment of the arrearages. Appellant moved to dismiss the petition, arguing that the action was barred by the statute of limitations and laches. On March 24, 1995, the trial court dismissed appellant's challenges and ordered that the matter be scheduled for a hearing on the merits.

On June 19, 1995, after a hearing, the trial court entered an order directing appellant to pay the $3,240.00 in arrears. Appellant filed exceptions to this order. On October 10, 1995, after a hearing, the trial court dismissed the exceptions. This timely appeal followed.

■ Appellant first claims that the trial court erred in holding that appellee's claim, filed some thirty (30) years after the child turned eighteen, is not barred by the six (6) year statute of limitations. *See* 42 Pa.C.S. § 5527.

In the instant case, a review of the certified record reveals that the trial court found the six year statute of limitations inapplicable, as the statute does not apply to a cause of action that accrued prior to its effective date of July 27, 1978. In addition, the trial court found that the child support order at issue here was part of a sentence imposed in a criminal action for desertion and non-support, and that appellee was merely seeking to enforce the order resulting from that sentence. *See* Trial Court Opinion 10/10/95 at 3–4. Accordingly, as we conclude that the trial court has adequately addressed this claim, we affirm this issue on the basis of the opinion below.

■ Appellant next claims that the trial court erred in holding that the doctrine of laches does not apply to bar appellee's entitlement to delinquent support payments.

■ To invoke the doctrine of laches, the party asserting the doctrine must show (1) delay arising from the other party's failure to exercise due diligence and (2) prejudice arising from the delay. *Patten v. Vose*, 404 Pa.Super. 426,

429, 590 A.2d 1307, 1309 (1991). Prejudice exists where there is some changed condition of the parties which occurs during the period of, and in reliance on, the delay, such as where records have become lost or unavailable, witnesses die or cannot be located, and where the party asserting laches has changed his or her position in anticipation that a party will not pursue a particular claim. *Meier v. Maleski,* 167 Pa. Commw.Ct. 458, 476–480, 648 A.2d 595, 604–05 (1994).

In the present case, appellant claims that his life has been interrupted by appellee's petition for arrearages and that he is embarrassed and aggravated by having to defend this action. However, appellant has not shown any adverse effects from appellee's delay in filing her claim. *Meier, supra.* Consequently, as appellant was not prejudiced by the delay, we dismiss this claim. *Patten, supra.*

■ Appellant next claims that the trial court erred in finding that appellee had standing to pursue this claim.

At the conclusion of a support hearing, a party who wishes to contest any matters that occurred during the hearing may file exceptions to the hearing officer's report or to any part thereof. Pa. R.C.P. 1910.12–(e), (f). Any matter not raised in an exception is deemed waived. *Id.* Here, as appellant failed to raise this standing issue in his exceptions filed to the hearing officer's recommendations, this issue is waived. *Id.*

■ Finally, appellant claims that the trial court erred in failing to find that appellant's VA payments to the child constituted a credit against child support payments owed.

■ There is a presumption that an obligor's support obligation will be reduced by the amount of retirement or disability benefits paid directly to a child.[5] ˙ *Preston v. Preston,* 435 Pa.Super. 459, 462 n. 2, 646 A.2d 1186, 1187 n. 2 (1994); *Children & Youth Svcs. v. Chorgo,* 341 Pa.Super. 512, 519–20, 491 A.2d 1374, 1378 (1985). However, the presump-

5. We see no reason to distinguish between VA benefits and Social Security benefits, as both types of government benefits are paid under the parent's entitlement. *See Preston,* 435 Pa.Super. at 462 n. 2, 646 A.2d at 1187 n. 2.

tion may be rebutted by the party opposing credit. *Preston,* 435 Pa.Super. at 462, 646 A.2d at 1187. Upon finding that a party should not receive credit for benefits paid, a trial court must articulate the reasons for its findings on the record. *Id.*

In the instant case, there was evidence that the Department of Veterans Affairs had paid benefits totaling approximately $4,160.00 directly to the child from October 11, 1957 (when the child was eleven (11) years old) to October 1, 1964 (when the child was eighteen (18) years old). *See* Trial Court Opinion, 10/10/95 at 2; Department of Veterans Affairs Letter, 6/8/95. Accordingly, we agree with the trial court that appellant is not eligible for credit for the period preceding October 11, 1957, and thus appellee is entitled to arrearages for full child support payments that came due preceding that date. However, we find that the trial court erred in failing to state articulable reasons on the record why it did not apply credit for benefits paid to the child between October 11, 1957 and August 5, 1964, the date the child reached age eighteen. *Preston, supra; Chorgo, supra.*

Accordingly, we remand this matter to the trial court to determine whether appellant's support obligation should be reduced for the period following October 11, 1957 in light of *Chorgo* and *Preston.*

Affirmed in part, reversed in part, and matter remanded. Jurisdiction relinquished.

DEL SOLE, J., files a concurring statement.

POPOVICH, J., files a dissenting opinion.

DEL SOLE, Judge, concurring.

I agree with the result reached by Judge Hoffman because I believe that once an order for support is entered a parent should not be permitted to escape payment. As we now know, courts are not permitted to reduce arrearages, 23 Pa.C.S. § 4352(e), and I think this embodies the public policy of the Commonwealth. I cannot agree with Judge Popovich that the court of common pleas lacked jurisdiction. I believe reliance on *Commonwealth v. Johnson,* 542 Pa. 568, 669 A.2d 315

(1995), is misplaced as that case was premised on a specific statute, the Juvenile Act, and such a statute does not exist in this case. Further, the criminal nature of nonsupport cases was abolished years ago and support orders entered pursuant to those cases have traditionally been enforced through domestic relations offices.

POPOVICH, Judge, dissenting.

I respectfully dissent from the opinion of the majority because I do not believe the *Civil Division* of the Court of Common Pleas of Cambria County had subject matter jurisdiction over this action to enforce a *criminal judgment of sentence.* Further, assuming *arguendo,* that the criminal judgment is enforceable as a support order, I agree with appellant that the action should be barred by the six year statute of limitations. Finally, I am convinced that appellant is entitled to a credit against his "support" obligation for the total amount of his Department of Veterans Affairs benefits paid to his son directly, and, since the total VA benefits paid directly to his son exceeds his support obligation, I would find that appellant has discharged his duty under his judgment of sentence for desertion [1] and non-support [2] which was entered over *fifty years ago* on December 31, 1945.

Appellant argues that appellee lacks standing to petition for enforcement of this "support order" and the district attorney is the proper authority to enforce the judgment of sentence. The majority concluded that appellant has waived this issue for failing to raise the issue in written exceptions to the master's report. However, I would find the argument was not waived since the lower court heard oral argument on the issue on July 24, 1995. See, Pa.R.C.P. 1910.12(f) ("Matters not covered by exceptions are deemed waived unless, prior to entry of the final order, leave is granted to file exceptions raising those matters.").

1.   18 P.S § 4731 (repealed).
2.   18 P.S. § 4733 (repealed).

Regardless of whether the issue of standing has been waived, I believe the issue should be addressed because it is more properly framed as an attack on the *jurisdiction* of the civil division of the Court of Common Pleas to enforce terms of a criminal judgment of sentence. Since questions relating to the jurisdiction of the court are not waived by the parties' failure to raise them and may be raised by this court *sua sponte*, I believe we must address the question of subject matter jurisdiction herein raised. *Fried v. Fried*, 509 Pa. 89, 90–94, 501 A.2d 211, 212–213 (1985); *Commonwealth v. Stadt-feld*, 445 Pa.Super. 271, 278 n. 3, 665 A.2d 487, 491 n. 3 (1995).

In the recent case of *Commonwealth v. Johnson*, 542 Pa. 568, 574–578, 669 A.2d 315, 319–320 (1995), our supreme court held that jeopardy does not attach when an order transferring a juvenile from the jurisdiction of the criminal division of the court to the juvenile division of the court is improper. In other words, a case must be heard in the *correct division* of the court of common pleas for that court to possess the requisite subject matter jurisdiction, and without subject matter jurisdiction, any action take by the court is void. *Johnson, supra*. Presently, it is undisputed that appellant's duty of support arises from a criminal judgment of sentence, not a civil support order. Thus, I submit the civil division of the court of common pleas did not possess jurisdiction over this matter, and the actions taken below are void. This matter should have been resolved in the criminal division of the court, and the lower court was without authority to order appellant to pay the arrearages.

Next, assuming the criminal judgment of sentence for desertion and non-support has somehow been transmogrified into a civil support order, I am convinced appellee is barred by the statute of limitations from asserting the claim for child support arrearages. First, it is duplicitous for the lower court to rule that the six year statute of limitations has no bearing upon a criminal judgment of sentence and then to enforce the judgment of sentence when, in fact, the civil division of the court of common pleas has no authority to enforce a criminal judgment. Second, I agree with appellant that *Cohen v.*

*Cohen,* 352 Pa.Super. 453, 508 A.2d 561 (1986) is controlling and the six year statute of limitations, 42 Pa.C.S.A. § 5527, should be applied if we are going to consider this criminal judgment of sentence to now be a civil support order.

Finally, I am convinced that appellant has discharged his duty of support under the judgment of sentence since it is undisputed that the total VA benefits paid directly to appellant's son has well exceeded appellant's total support obligation. The fact that the VA payments did not begin until October 11, 1957, when his child was eleven, in no way limits appellant's entitlement to credit towards the support arrearages which accrued before the date when VA benefits were first paid.